UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00466-MR-DCK

| RANDOLPH GALARZA, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| THOMAS G. TAYLOR, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] under 28 U.S.C. §§ 1915A and 1915(e). Plaintiff is proceeding in forma pauperis. [Docs. 7, 11].

## I.  BACKGROUND

Pro se Plaintiff Randolph Galarza ("Plaintiff") is currently detained at the Gaston County Jail in Gastonia, North Carolina. On July 5, 2023, he filed this action in the Eastern District of North Carolina against his attorney in his state criminal case, Thomas G. Taylor, pursuant to 18 U.S.C. § 1983. [Docs. 1, 2]. On July 10, 2023, District Judge James C. Dever, III, transferred this action to this Court. [Doc. 2]. On July 24, 2023, Plaintiff filed an addendum to his Complaint, which the Court will construe as part of his original Complaint on initial review here. [See Doc. 4]. Plaintiff alleged as follows.

On June 20, 2021, Defendant Taylor was hired through the public defenders office to represent Plaintiff in a criminal matter in Gastonia, North Carolina. [Doc. 1 at 1]. Defendant made a racist statement to Plaintiff and told Plaintiff he did not have confidence in him as a client. [Id. at 2]. Defendant promised Plaintiff that Plaintiff would get "a certain sentence and/or plea agreement but failed to do so." [Id.]. Defendant "withheld evidence that would have establish[ed] [Plaintiff's] innocence" and had first-hand knowledge that an arresting officer lied to gain access to a car, but "failed to mention it in a motion to suppress evidence." [Id.]. If Defendant had introduced this evidence, "the outcome of [Plaintiff's] suppress[ion] motions would have been different." [Id.]. Plaintiff claims that Defendant "committed malpractice against [his] const. rights." [Id. at 1].

For injuries, Plaintiff claims "mental anguish," "pain and suffering," and that Defendant caused his "incarceration or court precedings [*sic*] to be longer or lengthy." [Id. at 3]. Plaintiff seeks monetary relief only. [Id.].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial

review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Complaint fails initial review. To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C.

3

§ 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023).

Defendant Taylor was not a state actor. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983). As such, Defendant Taylor is not subject to suit under § 1983 and this Complaint necessarily fails.

If Plaintiff believes he has received ineffective assistance of counsel in his state criminal proceeding, he may seek relief therefor in state court. If Plaintiff seeks monetary relief only and wishes to pursue a claim of legal malpractice against his attorney, he may do so under state law in state court, but not here. The Court will dismiss this action without prejudice only to Plaintiff seeking relief on his allegations in the proper court.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice for Plaintiff's failure to state a claim for relief in accordance with the

terms of this Order.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that this action [Doc. 1] is **DISMISSED without prejudice** on initial review under 28 U.S.C. §§ 1915A and 1915(e), in accordance with the terms of this Order.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: September 18, 2023

Martin Reidinger
Chief United States District Judge